BART K. LARSEN, ESQ.
Nevada Bar No. 008538
DAVID G. ALLEMAN, ESQ.
Nevada Bar No. 007973
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: blarsen@klnevada.com
      dalleman@klnevada.com

*Attorneys for Artesia Group, L.L.C.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-11-24415-bam |
| PHILLIP JOSEPH OHLER, | Chapter 7 |
| Debtor. | |
| ARTESIA GROUP, LLC, a Nevada limited liability company, | Adv No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** |
| PHILLIP JOSEPH OHLER, | |
| Defendant. | |

    Plaintiff, Artesia Group, L.L.C. ("Plaintiff"), creditor in the above-referenced bankruptcy case, by and through counsel of record, the law firm of Kolesar & Leatham, hereby files their Verified Complaint Objecting to Dischargeability of Debt (the "Verified Complaint") and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

    1.    This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

    2.    This adversary proceeding arises out of and is related to the above-captioned

1  Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court
2  has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and
3  Rule 1001(b)(2) of the Local Rules of Bankruptcy Practice for the United States Bankruptcy
4  Court for the District of Nevada.

5      3.  The claims for relief set forth herein are proceedings to determine the
6  dischargeability of particular debts and, as such, are core proceedings pursuant to 28 U.S.C. §§
7  157(b)(2)(I) and (J).

8      4.  Venue is proper pursuant to 28 U.S.C. §1409.

9      5.  On September 12, 2011, Debtor Phillip Joseph Ohler ("Debtor" or "Ohler"
10 "Defendant") filed a chapter 7 voluntary bankruptcy petition.

## PARTIES

12     6.  Plaintiff repeats, realleges, and incorporates by reference each and every
13 allegation contained in paragraphs 1 through 5 of this Verified Complaint as though fully set
14 forth herein.

15     7.  Plaintiff Artesia Group, LLC is a Nevada limited liability company, and is a
16 creditor of Debtor.

17     8.  Defendant is the Debtor in the above-referenced Bankruptcy Case.

## GENERAL ALLEGATONS

19     9.  Plaintiff repeats, realleges, and incorporates by reference each and every
20 allegation contained in paragraphs 1 through 8 of this Verified complaint as though fully set
21 forth herein.

22     10. In or around May 2007 to early June 2007, Ohler met with Jon Erickson and John
23 Anter, the managing members of Artesia, for the purpose of soliciting and inducing Artesia into
24 investing in a new business venture started by Ohler and others, called American Wireless
25 Networks, Inc. and American Wireless and Data Centers, Inc. doing business as "AW Networks"
26 and "American Wireless" (collectively "AW"). At that meeting, Ohler presented Artesia with
27 various documents concerning the business operations, planning, and financial condition of AW.

28     11. The documents presented by Ohler materially misrepresented the financial

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1077061.doc (991034-171)                - 2 -

condition of the company, including materially misleading financial statements and other financial information for the purpose of inducing Artesia into investing in AW.

12. In addition to the materially false and misleading documents provided by Ohler, Ohler made intentionally false representations to Artesia for the purpose of inducing Artesia to invest in AW. Ohler stated that AW had many contracts with clients, was in the process of raising more capital for operations and that "big investors" were being brought in to invest so if Artesia decided to invest, its investment would be safe.

13. Artesia was not interested in investing in AW but was willing to consider lending money to AW in the form of a short-term "bridge" loan to assist with the start-up of the new venture. However, in considering making such a loan, Artesia insisted on additional security in lending money to AW.

14. Ohler responded that he would personally guaranty the obligations of AW, and made further materially false and misleading statements to Artesia regarding his financial condition and qualifications to secure the obligations of AW to repay the loan. Among other things, Ohler stated that he owned two residential properties with substantial equity and would leverage that equity to repay Artesia if necessary.

15. Artesia discovered later that a property Ohler represented he owned was already in foreclosure at the time he made such representations. Artesia also later learned that another property Ohler claimed he owned was not in fact owned by him but rather was being leased by him.

16. On or about June 13, 2007, AW executed a promissory note (the "Note") in the principal amount of $200,000, containing an interest rate in the amount of ten percent (10%) per annum with a maturity date of September 13, 2007 payable to Artesia as lender (the "Loan").

17. The Note was secured by a Repayment Guaranty dated of even date therewith (the "Guaranty"), whereby Ohler personally guaranteed all obligations of AV under the Note.

18. Artesia relied upon Ohler's statements and representations regarding AW's business operations, planning, and financial condition and Ohler's statements and representations concerning his own personal financial condition in making its decision to extend credit to AW

and to accept the personal guaranty of Ohler as an inducement of and further considerations for Artesia extending the Loan to AW.

19. AW defaulted on the Note by failing to pay as required pursuant to the terms of the Note on its maturity date, September 13, 2007.

20. Artesia then made demand for full payment of the Note and all amounts outstanding. Ohler, on behalf of AW, began negotiating with Artesia for an extension of the maturity date. Ohler made further false and misleading statements to Artesia in order to induce it into extending the maturity date of the Note. Ohler stated in response to Artesia's request for financial statements that the profit and loss statements were not up-to-date but that Artesia would be pleased with the growth of the company as it had obtained an even greater number of high-level accounts.

21. In reliance upon Ohler's intentional misleading statements, AW and Artesia executed an Amended and Restated Promissory Note (the "Amended Note"). Among other provisions of the Note, the Amended Note extended the maturity date to November 13, 2007. Prior to or concurrent with the execution of the Amended Note, AW made a payment on the principal amount outstanding in the amount of One Hundred Thousand Dollars ($100,000).

22. AW later defaulted on the Amended Note by failing to pay as required pursuant to the terms of the Amended Note on its maturity date, November 13, 2007. As a result, Artesia made immediate demand for the full acceleration and payment of all amounts outstanding under the Amended Note.

23. On or about February 27, 2008, Artesia and AW executed an Amendment to Existing Promissory Note (the "Amendment") whereby AW agreed to pay fifty dollars ($50.00) per day interest and to make a monthly payment of Ten Thousand Dollars ($10,000.00) to Artesia.

24. AW defaulted on the Amendment by failing to pay pursuant to the terms thereof after making only one payment in or around March 2007.

25. Artesia made demand for payment of all amounts due and outstanding under the Note, Amended Note and Amendment to AW and AW has failed to pay its obligations despite

1  such demand.

2  26.  AW filed a chapter 7 Bankruptcy Petition on October 31, 2008, staying all action against AW by Artesia to collect on the debt.

27.  Artesia then made demand upon Ohler for payment of all sums remaining due and outstanding under the Guaranty. Ohler refused and/or failed to honor his obligations under the Guaranty despite such demands by Artesia.

28.  Consequently, Artesia filed suit against Ohler on March 17, 2009 in the Eighth Judicial District Court in Clark County, Nevada (the "State Court Action") asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, fraud in the inducement, fraud, and negligent misrepresentation.

29.  On August 5, 2011, a Default Judgment was entered against Ohler on all of the claims asserted by Artesia in the State Court Action awarding Artesia (i) the remaining principal balance owed on the Amended Note of $95,000.00, (ii) accrued default interest in the amount of $36,500.00, (iii) attorney fees in the amount of $16,346.85, and (iv) costs of $7,500.00.

30.  Within a few weeks after the entry of the Default Judgment in the State Court Action, Ohler filed his voluntary chapter 7 petition in this matter on September 12, 2011.

## FIRST CLAIM FOR RELIEF

### 11 U.S.C. § 523(a)(2)(A)

31.  Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Verified complaint as though fully set forth herein.

32.  As set forth herein, Ohler made various intentional false, misleading, and fraudulent statements to Artesia in the course of soliciting Artesia to make the Loan to AV and in offering to personally guarantee the Loan.

33.  Artesia relied upon the various intentional false, misleading, and fraudulent statements made by Ohler is making the Loan to AV.

34.  Consequently, the indebtedness owed by Ohler to Artesia as confirmed by the Default Judgment entered in the State Court Action, is non-dischargeable pursuant to 11 U.S.C. §

523(a)(2)(A) as a result of said indebtedness have been incurred through false pretenses, false representations, or actual fraud, other than a statement respecting Debtor's financial condition.

35. As a result of the wrongful conduct of Ohler as described herein, Artesia has been forced to retain the services of the undersigned attorneys and is, thus, entitled to an award of its reasonable attorney fees incurred in this action.

## SECOND CLAIM FOR RELIEF

### 11 U.S.C. § 523(a)(2)(B)

36. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 35 of this Verified complaint as though fully set forth herein.

37. As set forth herein, Ohler provided various intentionally false, misleading, and fraudulent written statements to Artesia in the course of soliciting Artesia to make the Loan to AV and in offering to personally guarantee the Loan.

38. Artesia relied upon the various intentional false, misleading, and fraudulent written statements provided by Ohler is making the Loan to AV.

39. Consequently, the indebtedness owed by Ohler to Artesia as confirmed by the Default Judgment entered in the State Court Action, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) as a result of said indebtedness have been incurred through the use of a materially false statement in writing concerning Debtor's financial condition on which Artesia reasonably relied in making the Loan to AV.

40. As a result of the wrongful conduct of Ohler as described herein, Artesia has been forced to retain the services of the undersigned attorneys and is, thus, entitled to an award of its reasonable attorney fees incurred in this action.

WHEREFORE, Plaintiff Artesia prays for relief as follows:

1. That the indebtedness owed to Artesia by Debtor, as confirmed by the Default Judgment entered against Debtor in the State Court Action, be held to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

2. That the indebtedness owed to Artesia by Debtor, as confirmed by the Default

Judgment entered against Debtor in the State Court Action, be held to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B);

3. For an award of pre-judgment and post-judgment interest to the extent permitted by law;

4. For all costs and expenses, including reasonable attorney fees and costs incurred in this matter; and

5. For such other and further relief as the Court deems just and proper.

DATED this 13th day of December, 2011.

KOLESAR & LEATHAM.

By: /s/ Bart K. Larsen
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
DAVID G. ALLEMAN, ESQ.
Nevada Bar No. 007973
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Artesia Group, LLC*